People v Soto (2018 NY Slip Op 02406)





People v Soto


2018 NY Slip Op 02406


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6189 3282/12

[*1]The People of the State of New York, Respondent,
v
Eric Soto, Defendant-Appellant.


Richard M. Weinstein, New York, for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered November 14, 2014, convicting defendant, after a jury trial, of grand larceny in the second degree and criminal possession of a forged instrument in the second degree (48 counts), and sentencing him to concurrent terms of 1&frac13; to 4 years, unanimously affirmed.
Defendant's claim that he was deprived of his right to call a witness is unpreserved, as well as unreviewable for lack of a proper record, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.
After the court reserved decision on the relevancy of the testimony of the proposed defense witness, and before it made a ruling, defense counsel stated that the issue was moot and that the defense was resting without calling the witness. In a CPL 330.30(1) motion to set aside the verdict, defendant claimed, for the first time, that the absence of testimony from the proposed witness was the product of tampering by persons possibly acting in collusion with the prosecutor.
Defendant's postverdict motion had no preservation effect (see People v Padro, 75 NY2d 820 [1990]). Moreover, the issue was not cognizable under CPL 330.30(1) because such a motion is limited to grounds appearing in the record (see People v Wolf, 98 NY2d 105 [2002]; see also People v Giles, 24 NY3d 1066, 1068 [2014]; People v Bumbray, 63 AD3d 412 [1st Dept 2009]). In any event, in his offer of proof, defendant did not establish the relevance of the proposed testimony, and it would have been within the court's discretion to exclude it in the first place (see e.g. People v Danvers, 59 AD3d 229, 230-231 [1st Dept 2009], lv denied 12 NY3d 815 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK